UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ASHLEY B,

Plaintiff,

v.

ACTING COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 3:25-cv-05459-TLF

ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of defendant's denial of plaintiff's application for supplemental security income ("SSI") and disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. Dkt. 2. Plaintiff challenges the ALJ's decision finding that plaintiff was not disabled. Dkt. 4, Complaint.

Plaintiff applied for DIB on July 6, 2021, and SSI on December 20, 2021, alleging disability in both applications as of January 17, 2021.[1] AR 17. Her applications were denied initially and upon reconsideration. *Id.* ALJ Mark Triplett held a hearing in January 2024 and found plaintiff not disabled. AR 17-30. The ALJ found plaintiff had the following severe impairments: right shoulder sprain/tendinitis; degenerative disc disease

[1] At her hearing, plaintiff amended her onset date to March 19, 2022. AR 41.

of the cervical, lumbar, and thoracic spine; obesity; depressive disorder; generalized anxiety disorder; and post-traumatic stress disorder. AR 20. He found plaintiff could perform light work with the following limitations: standing and/or walking up to four hours; occasional climbing, stooping, balancing, crouching, kneeling, or crawling; occasional overhead use of the bilateral upper extremities; and carry out simple, routine tasks. AR 22. Based on the testimony of a vocational expert, the ALJ found plaintiff could perform work existing in the national economy and was therefore not disabled. AR 28-30.

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (internal citations omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.*

DISCUSSION

**1. Medical Opinion Evidence**

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability and consistency in evaluating the medical opinions. 20 C.F.R. §§ 404.1520c(a)–(b), 416.920c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785 (9th Cir. 2022). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

Plaintiff argues the ALJ erred in evaluating the opinions of Andrea Eickelman, ARNP, and Naeemah Johnson, MSW. Dkt. 12 at 1.

**a. Andrea Eickelman, ARNP**

Ms. Eickelman, plaintiff's treating nurse practitioner, found that plaintiff was severely limited in her ability to work. She opined that plaintiff was unable to lift at least two pounds, limited to less than occasional reaching and handling with the upper extremities, needed to lay down for 20-40 minutes for every three hours of standing, and would miss four or more days of work each month. AR 1726-27. The ALJ found Ms.

Eickelman's opinion unpersuasive. AR 27. Plaintiff argues that the ALJ failed to properly articulate how he considered supportability and consistency. Dkt. 12 at 5-6.

The supportability factor considers the extent to which an opinion is supported by the opining source's explanation and the objective medical evidence. *Woods,* 32 F.4th at 791-92. Here, the ALJ noted that Ms. Eickelman gave an explanation for her opinion and cited objective evidence such as plaintiff's cervical MRI. AR 27. Plaintiff argues that merely acknowledging the explanation and MRI does not suffice as a supportability analysis. Dkt. 12 at 5. But the ALJ need not "recite the magic words" of supportability or consistency. *See, Magallanes v. Bowen*, 882 F.2d 747, 755 (9th Cir. 1989). And the Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson,* 95 F.4th at 1200. Here, the Court can reasonably infer that the ALJ found Ms. Eickelman's opinion was well-supported. Accordingly, the ALJ did not err in failing to provide a more explicit supportability analysis.

As for consistency, the ALJ found Ms. Eickelman's opined limitations were inconsistent with plaintiff's mostly unremarkable physical examinations. AR 27 (citing AR 1636, 1638, 1743, 1750, 1768). Plaintiff argues that the ALJ failed to explain how the cited evidence was inconsistent with Ms. Eickelman's opinion. Dkt. 12 at 6.

The ALJ's conclusory statement that does not include an explanation of why the purportedly normal examinations were inconsistent with Ms. Eickelman's limitations is insufficient. "The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Further, the examinations cited by the

ALJ contain such abnormalities as positive impingement testing, and limited range of motion in the shoulders and cervical spine, and spinal tenderness. AR 1636, 1743, 1750. Such evidence tends to support Ms. Eickelman's opinion rather than undermine it. Accordingly, the ALJ's consistency analysis is not supported by substantial evidence.

**b. Naeemah Johnson, MSW**

Ms. Johnson, plaintiff's treating therapist, opined that plaintiff had difficulty with memory retention, interacting with people, and concentrating for extended periods of time, and limited her to working no more than twenty hours per week. AR 1394. The ALJ found Ms. Johnson's opinion unpersuasive. AR 27. Plaintiff argues that the ALJ failed to articulate how he considered the consistency factor as required by regulation. Dkt. 12 at 7.

The ALJ found Ms. Johnson's opinion was inconsistent with her own notes reflecting plaintiff's unremarkable mental status. AR 27. Even though the ALJ's decision uses the word "inconsistent," the ALJ's finding was related to supportability. The ALJ's failure to evaluate whether Ms. Johnson's opinion was consistent with evidence in the record provided by other sources frustrates meaningful judicial review and constitutes legal error. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) ("the ALJ must provide some reasoning in order for us to meaningfully determine whether the ALJ's conclusions were supported by substantial evidence.").

The ALJ erred in failing to properly evaluate the opinions of Ms. Eickelman and Ms. Johnson. Such error is harmful as the RFC does not account for all limitations opined by these medical sources. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050,

1054 (9th Cir. 2006) (errors which result in an RFC that do not include relevant work-related limitations are not harmless).

## CONCLUSION

Based on the foregoing discussion, the Court concludes the ALJ improperly determined plaintiff to be not disabled. Therefore, the ALJ's decision is reversed and remanded for further administrative proceedings including a de novo hearing, re-evaluation of the medical opinions, and the opportunity to submit additional evidence.

Dated this 31st day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge